UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 19-17858 |
| | ) | |
| JOHN D TERZAKIS | ) | Chapter 7 |
| | ) | |
| SSN xxx-xx-5411 | ) | Judge Donald R. Cassling |
| | ) | |
| ESTATE OF BERENICE VENTRELLA, | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | |
| | ) | No. 19-00890 |
| v. | ) | |
| | ) | |
| JOHN D. TERZAKIS, | ) | |
| Defendant, | ) | |
| | ) | |

**COMPLAINT FOR OBJECTION TO DISCHARGE**

NOW COMES the Plaintiff, ESTATE OF BERENICE VENTRELLA, by its attorney, J. THOMAS WITEK and complaining against the Defendant, JOHN D. TERZAKIS, states as follows:

1. The court has jurisdiction over this case under 28 U.S.C. §§ 1334(b) and 157(b)(1), 11 U.S.C. § 727, and 11 U.S.C. § 523; this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2. The Plaintiff is a creditor of the Defendant.

3. The Defendant, JOHN D. TERZAKIS, is a debtor in the above-captioned bankruptcy case, which was commenced by the filing of a voluntary petition under chapter 7.

4. On January 18, 2008, checking account number 2344645 was opened at Parkway Bank and Trust Company, under the names of Berenice Ventrella or Nicholas

1

Ventrella or John Terzakis. Upon information and belief, this account was initially funded with $300,000 from accounts owned by Berenice Ventrella. Subsequent amounts were added to the account, also from Berenice Ventrella's funds.

5. At the time this account was opened, Berenice Ventrella was in Glenbrook Hospital having been admitted into the emergency room one day prior (on January 17, 2008). On the day that the account was opened, Berenice Ventrella was in a hospital bed, "pleasantly demented and speaking to window." See Medical Records attached hereto as Exhibit A.

3. In addition to congestive heart failure, at the time of the emergency room admission one day prior to the opening of the account, Berenice Ventrella was also suffering from dementia that included hallucinations and blindness. See Medical Records attached hereto as Exhibit B.

4. From January 29, 2008 to February 14, 2008, Defendant transferred a total of $350,000 out of the account to two other accounts at Parkway Bank and Trust Company which were not owned by Berenice Ventrella. See Statements attached hereto as Exhibit C.

5. Over approximately the same time period, Defendant caused to be drafted a total of $121,179.77 in checks from said account to accounts controlled by himself.

6. On March 9, 2008, a little over a month after Berenice Ventrella died, Defendant caused to be opened account number 2256924 at Parkway Bank and Trust Company and titled the "Estate of Berenice B Ventrella."

7. This account was funded primarily by transfers from other banks where Berenice Ventrella had funds owned and/or controlled by her while she was living.

2

8. From March, 2008 to March, 2009, Defendant caused the transfer of a total of $9,388,174.00 (NINE MILLION THREE HUNDRED EIGHTY-EIGHT THOUSAND ONE HUNDRED SEVENTY-FOUR DOLLARS) from said account to various accounts controlled by himself. See Statements attached hereto as Exhibit D.

10. During the same time period, he caused to be drafted a total of $1,493,878.69 (ONE MILLION FOUR HUNDRED NINETY-THREE THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS AND SIXTY-NINE CENTS) in checks out of the account to accounts controlled by himself.

11. Defendant used his position as a signatory on the accounts and his position as manager of various real estate properties of the Plaintiff to obtain said funds.

12. Defendant further acted in a deceptive manner by leading members of Berenice Ventrella's family to believe that the funds were necessary for development of a parcel owned by the estate near the intersection of Deerfield and Milwaukee Avenues in Buffalo Grove, Illinois. Defendant intended that said representations would deceive Plaintiff's family and said family justifiably relied on said representations.

13. As a result of the foregoing acts, Plaintiff filed a complaint in Circuit Court of Cook County, <u>Estate of Berenice Ventrella v. Milwaukee Deerfield North, LLC, et al.</u>, 2010 CH 21128, to redress the foregoing concerns. The complaint in said action if attached hereto as Exhibit E. The case is still pending.

14. Pursuant to section 523(a)(2)(A), Defendant has obtained money from Plaintiff by fraud and false pretenses in that the foregoing transfers were made by him but not authorized by the estate and without any consideration. A Debtor incurring debt by a false representation and/or actual fraud and is not entitled to a discharge in this instance.

WHEREFORE, the Plaintiff requests that the court deny the Defendant's discharge of Plaintiff's debt pursuant to section 523(a)(2)(A), and grant Plaintiff such other relief as is just and equitable.

DATED the 8th day of August, 2019.

By: _____
Attorney for Plaintiff

Attorney No. 6230539
J. Thomas Witek
Witek Law Offices
3315 Algonquin, Suite 600
Rolling Meadows, IL  60008
(847) 409-3898