UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 19-17858 |
| | ) | |
| JOHN D TERZAKIS | ) | Chapter 7 |
| Debtor, | ) | |
| | ) | |
| | ) | Hon. Donald R. Cassling |
| ESTATE OF BERENICE VENTRELLA | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 19-00890 |
| | ) | |
| | ) | |
| JOHN D. TERZAKIS, | ) | |
| Defendant, | ) | |
| | ) | |

## ANSWER TO COMPLAINT FOR OBJECTION TO DISCHARGE
## AND AFFIRMATIVE DEFENSE

NOW COMES the Debtor/Defendant, John D. Terzakis ("Debtor" or "Terzakis"), by his attorneys, Richard H. Fimoff, Richard L. Stavins and Robbins, Salomon & Patt, Ltd. and for his answer to the Complaint for Objection to Discharge states as follows:

### PRELIMINARY MATTERS

Plaintiff, Estate of Berenice Ventrella ("Plaintiff" or the "Estate") has filed this action, which it has erroneously entitled "Complaint for Objection to Discharge" ("Complaint"). Although the Complaint mentions 11 U.S.C.§ 727 in its paragraph 1, that is the only reference in the Complaint to an objection to Debtor's bankruptcy discharge or to any Bankruptcy Code provision related to Debtor's bankruptcy discharge.

Plaintiff's Complaint alleges in paragraph 14 that Debtor has obtained monies through false representations, and then seeks to have "…the court deny the Defendant's discharge of Plaintiff's debt pursuant to section 523(a)(2)(A)….". The Complaint contains no request for relief under 11 U.S.C.§ 727.

(3132826.2)   1

Accordingly, Debtor is only responding to the Complaint's allegations with reference to 11 U.S.C.§ 523(a)(2)(A) as alleged by Plaintiff. If the court determines that the Complaint raises an objection to Debtor's discharge under 11 U.S.C.§ 727, Debtor reserves the right to file an amended response to the Complaint.

### DEBTOR'S ANSWER TO THE COMPLAINT'S ALLEGATIONS

1. The court has jurisdiction over this case under 28 U.S.C. §§ 1334(b) and 157(b)(1), 11 U.S.C. § 727, and 11 U.S.C. § 523; this adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

   **ANSWER:** Debtor admits the allegation contained in paragraph 1 of the Complaint, except that Debtor denies that jurisdiction exists under 11 U.S.C.§ 727.

2. The Plaintiff is a creditor of the Defendant.

   **ANSWER:** Debtor admits that Plaintiff has a claim against Debtor but denies that Debtor is liable to Plaintiff on that claim.

3. The Defendant, JOHN D. TERZAKIS, is a debtor in the above-captioned bankruptcy case, which was commenced by the filing of a voluntary petition under chapter 7.

   **ANSWER:** Debtor admits the allegation contained in paragraph 3 of the Complaint,

4. On January 18, 2008, checking account number 2344645 was opened at Parkway Bank and Trust Company, under the names of Berenice Ventrella or Nicholas Ventrella or John Terzakis. Upon information and belief, this account was initially funded with $300,000 from accounts owned by Berenice Ventrella. Subsequent amounts were added to the account, also from Berenice Ventrella's funds.

   **ANSWER:** Debtor admits the allegations contained in paragraph 4 of the Complaint, except that Debtor lacks knowledge or information sufficient to form a belief about the

truth of the allegations regarding the date the account was opened and that the amount initially funding the account was $300,000.

5. At the time this account was opened, Berenice Ventrella was in Glenbrook Hospital having been admitted into the emergency room one day prior (on January 17, 2008). On the day that the account was opened, Berenice Ventrella was in a hospital bed, "pleasantly demented and speaking to window." See Medical Records attached hereto as Exhibit A.

**ANSWER:** Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Complaint.

6. In addition to congestive heart failure, at the time of the emergency room admission one day prior to the opening of the account, Berenice Ventrella was also suffering from dementia that included hallucinations and blindness. See Medical Records attached hereto as Exhibit B.

**ANSWER:** Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 (mis-numbered) of the Complaint.

7. From January 29, 2008 to February 14, 2008, Defendant transferred a total of $350,000 out of the account to two other accounts at Parkway Bank and Trust Company which were not owned by Berenice Ventrella. See Statements attached hereto as Exhibit C.

**ANSWER:** Debtor admits the allegations contained in paragraph 4 (mis-numbered) of the Complaint, except that Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the specific amounts transferred.

8. Over approximately the same time period, Defendant caused to be drafted a total of $121,179.77 in checks from said account to accounts controlled by himself.

**ANSWER:** Debtor admits the allegations contained in paragraph 5 (mis-numbered) of the Complaint, except that Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the specific amounts transferred.

9. On March 9, 2008, a little over a month after Berenice Ventrella died, Defendant caused to be opened account number 2256924 at Parkway Bank and Trust Company and titled the "Estate of Berenice B Ventrella."

**ANSWER:** Debtor admits that he and Angelo Ventrella (the now deceased husband of Berenice Ventrella), the then Independent Administrator of the Estate of Berenice Ventrella, opened account number 2256924, titled "Estate of Berenice B. Ventrella. Debtor lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 6 (mis-numbered) of the Complaint.

10. This account was funded primarily by transfers from other banks where Berenice Ventrella had funds owned and/or controlled by her while she was living.

**ANSWER:** Debtor admits the allegations contained in paragraph 7 (mis-numbered) of the Complaint.

11. From March 2008 to March 2009, Defendant caused the transfer of a total of $9,388,174.00 (NINE MILLION THREE HUNDRED EIGHTY-EIGHT THOUSAND ONE HUNDRED SEVENTY-FOUR DOLLARS) from said account to various accounts controlled by himself. See Statements attached hereto as Exhibit D.

**ANSWER:** Debtor admits the allegations contained in paragraph 8 (mis-numbered) of the Complaint, except that Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegation that the amount transferred from the account during the identified period was $9,388,174.00.

12. During the same time period, he caused to be drafted a total of $1,493,878.69 (ONE MILLION FOUR HUNDRED NINETY-THREE THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS AND SIXTY-NINE CENTS) in checks out of the account to accounts controlled by himself.

**ANSWER:** Debtor admits the allegations contained in paragraph 10 (mis-numbered) of the Complaint, except that Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegation that the amount of the checks drafted on the account during the identified period was $1,493,878.69.

13. Defendant used his position as a signatory on the accounts and his position as manager of various real estate properties of the Plaintiff to obtain said funds.

**ANSWER:** Debtor admits that as a signatory on the account he authorized the transfers referred in paragraphs 9 & 10 (mis-numbered), except that Debtor lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding amounts transferred or drafted from the account during the identified, and therefore denies same and demands proof thereof. Debtor further states that Angelo Ventrella, the then Independent Administrator of Plaintiff approved all disbursements at issue. Debtor denies the remaining allegations contained in paragraph 11 (mis-numbered) of the Complaint.

14. Defendant further acted in a deceptive manner by leading members of Berenice Ventrella's family to believe that the funds were necessary for development of a parcel owned by the estate near the intersection of Deerfield and Milwaukee Avenues in Buffalo Grove, Illinois. Defendant intended that said representations would deceive Plaintiff's family and said family justifiably relied on said representations.

**ANSWER:** Debtor denies all of the allegations contained in paragraph 12 (mis-numbered) of the Complaint. Debtor further states that Plaintiff admits that any alleged

misrepresentations were made to "members of Berenice Ventrella's family….", not to Plaintiff.

15. As a result of the foregoing acts, Plaintiff filed a complaint in Circuit Court of Cook County, <u>Estate of Berenice Ventrella v. Milwaukee Deerfield North, LLC,</u> et al., 2010 CH 21128, to redress the foregoing concerns. The complaint in said action if attached hereto as Exhibit E. The case is still pending.

**ANSWER:** Debtor admits that there is pending an action pending the Circuit Court of Cook County, entitled "<u>Estate of Berenice Ventrella v. Milwaukee Deerfield North, LLC,</u> et al.", case number 2010 CH 21128. Debtor admits that Exhibit E is a copy of the complaint filed in the above case. Debtor denies the remaining allegations contained in paragraph 13 (mis-numbered) of the Complaint.

16. Pursuant to section 523(a)(2)(A), Defendant has obtained money from Plaintiff by fraud and false pretenses in that the foregoing transfers were made by him but not authorized by the estate and without any consideration. A Debtor incurring debt by a false representation and/or actual fraud and is not entitled to a discharge in this instance.

**ANSWER:** Debtor denies the allegations contained in paragraph 14 (mis-numbered) of the Complaint.

WHEREFORE, John D. Terzakis, Debtor/Defendant, respectfully requests that this Court:

(i) find that he did not obtain monies from Plaintiff by fraud and misrepresentation;

(ii) find that Debtor's obligations to Plaintiff, if any, are not excepted from discharge under 11 U.S.C.§ 523(a)(2)(A); and,

(iii) grant Terzakis such other relief as is appropriate.

(3132826.2)                                   6

## AFFIRMATIVE DEFENSE

### (Estoppel)

John D. Terzakis, by and through his attorneys, Richard H. Fimoff, Richard L. Stavins and Robbins, Salomon & Patt, Ltd., for his Affirmative Defense to the Complaint for Objection to Discharge (the "Complaint") of Plaintiff Estate of Berenice Ventrella, states as follows:

Plaintiff is estopped from complaining that the transfers described in the Complaint were fraudulent and improper, in that each transfer was made with the knowledge, consent and authorization of the Estate, through its then authorized and acting Independent Administrator, Angelo Ventrella.

Plaintiff is also estopped from challenging the decisions made by the then Independent Administrator of the Estate to approve such disbursements, in that Defendant acted in reasonable reliance on the actions and actual authority of Plaintiff's authorized representative.

Wherefore, John D. Terzakis, request this Court to enter judgment in his favor and against Plaintiff, Estate of Berenice Ventrella, on its Complaint for Objection to Discharge, and grant Debtor, such other and further relief as this Court deems appropriate.

**JOHN D. TERZAKIS**

BY:   Richard H. Fimoff
   One of his attorneys

Richard H. Fimoff (804886)
Richard L. Stavins (2710099)
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street
Suite 3300
Chicago, IL 60601
312-456-0185
rfimoff@rsplaw.com

(3132826.2)                                    7