# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy Case No. 19-17858 |
| ) | |
| JOHN D TERZAKIS, ) | Chapter 7 |
| Debtor, ) | |
| ) | Hon. Donald R. Cassling |
| ANN HOWARD and POTTER BOLAÑOS, ) | |
| LLC, et. al. ) | |
| Plaintiff, ) | |
| v. ) | Adversary No. 19-00890 |
| ) | |
| JOHN D. TERZAKIS, ) | |
| Defendant, ) | |

## ANSWER TO COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

NOW COMES the Debtor/Defendant, John D. Terzakis ("Debtor" or "Terzakis"), by his attorneys, Richard H. Fimoff and Robbins, Salomon & Patt, Ltd. and for his answer to the Complaint of Ann Howard and Potter Bolaños, LLC, as successor in interest to Robin Potter & Associates, P. C. (collectively "Plaintiffs") objecting to the dischargeability of their debt (the "Complaint"), states as follows:

## STATUTORY PREDICATE FOR RELIEF, PARTIES, JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to section 523(a)(6) of the Bankruptcy Code.

**ANSWER:** Terzakis admits the allegations contained in paragraph 1.

2. Plaintiff Ann Howard is an individual currently residing in the State of Indiana. Plaintiff Potter Bolatios, L.L.C. as successor in interest to Robin Potter & Associates is a law firm located at 111 E. Wacker Drive, Suite 2600, in Chicago, Illinois.

**ANSWER**: Terzakis lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 and therefore denies same.

3. Defendant John Terzakis is an individual who, on information and belief, currently resides in the State of Illinois.

**ANSWER:** Terzakis admits the allegations contained in paragraph 3.

4. On June 24, 2019, (the "Petition Date"), Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code.

**ANSWER:** Terzakis admits the allegations contained in paragraph 4.

5. The Court has jurisdiction under 28 U.S.C. § 1334.

**ANSWER:** Terzakis admits the allegations contained in paragraph 5.

6. This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**ANSWER:** Terzakis admits the allegations contained in paragraph 6.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

**ANSWER:** Terzakis admits the allegations contained in paragraph 7.

FACTS AND LAW SUPPORTING NON-DISCHARGEABILITY

8. On October 29, 2003, Plaintiff Ann Howard, by and through her attorneys, including co-Plaintiff Potter Bolarios, as successor in interest to Robin Potter & Associates, P.C., filed a lawsuit against Defendant John Terzakis and his former business partners alleging violations of the federal False Claims Act, 29 U.S.C. §3729 et seq. United States ex rel Howard v. Urban Investment Trust, Inc et al. No. 03 C 7668 (N.D.Il11.).

**ANSWER:** Terzakis admits the Plaintiffs filed the lawsuit (the "2003 Case") identified in paragraph 8.

9. In this lawsuit, Ms. Howard alleged that Defendant John Terzakis, along with his business partners (Rudy Mulder and Roxanne Gardner), defrauded the United States

government by embezzling large sums of money from Chicago Housing Authority (CHA) buildings which they had contracted to manage. Ms. Howard further alleged that the Defendants, including Mr. Terzakis, harassed and constructively discharged Howard in retaliation for her statutorily protected opposition to their embezzlement scheme.

**ANSWER:** Terzakis admits that in the 2003 Case Plaintiffs made the allegations recited in paragraph 9.

10. In March 2013, following a trial, a jury found that Mr. Terzakis, along with the other co-Defendants, violated the False Claims Act by retaliating against Ms. Howard and constructively discharging her, thereby terminating her employment and causing her injury. Ex. A, Dkt. 470.

**ANSWER:** Terzakis admits the 2003 Case jury made findings as reflected in Ex A. To the extent the allegations in paragraph 10 misstate those findings Terzakis denies those allegations. Terzakis affirmatively states that he did not participate in the trial of that 2003 Case.

11. The jury found that Mr. Terzakis and his co-Defendants' conduct was willful, malicious and intentional. See, Ex. B, Dkt. 472, Jury Instruction No. 20 (Instructing Jury that "To succeed on her claim for retaliation brought under the False Claims Act, Plaintiff must prove that Defendants committed acts of harassment and/or discrimination against her in the terms and conditions of her employment and/or constructively discharged her (as defined in these instructions), and that these acts were motivated, at least in part, to prevent Plaintiff from bringing an action under the False Claims Act and/or to prevent Plaintiff from seeking to stop Defendants from violating the False Claims Act.")

**ANSWER:** Terzakis admits the Ex B accurately reflects 2003 Case jury's findings. To the extent the allegations in paragraph 11 misstate those findings Terzakis denies those allegations. Terzakis admits that Plaintiff accurately recites Jury Instruction No. 20 from the 2003 Case.

Terzakis denies that Jury Instruction No. 20 requires that the jury find Terzakis' conduct was willful, malicious and intentional. Terzakis affirmatively states that he did not participate in the trial of that 2003 Case.

12. On March 5, 2014, the Court entered a final amended judgment against Mr. Terzakis and the other co-Defendants. Ex. C, Dkt. 530.

**ANSWER:** Terzakis admits the allegations contained in paragraph 12. Terzakis affirmatively states that he did not participate in the trial of that 2003 Case.

13. The final amended judgment entered by the Court on March 5, 2014 does not delineate the amount owed by Mr. Terzakis, however, his liabilities to Ms. Howard and her counsel are set forth in the Court's prior orders and are summarized as follows.

**ANSWER:** Terzakis admits that Plaintiff's final amended judgment does not delineate the amount owed to Plaintiffs by Mr. Terzakis.

14. First, the Court awarded damages against Mr. Terzakis, individually, in the amount of $72,976.60, for back pay, interest and "doubling" allowed under 29 U.S.C. 3730(h). Ex. D, Dkt. 507, at p. 13.

**ANSWER:** Terzakis admits the 2003 Case Court awarded damages as reflected in Ex D. To the extent the allegations in paragraph 14 misstate that award Terzakis denies those allegations. Terzakis affirmatively states that he did not participate in the trial of that 2003 Case.

15. Second, the Court awarded damages against Urban Investment Trust (UIT) in the amount of $162,170.23, for its portion of lost backpay, plus interest and doubling. Ex. D, Dkt. 507, at 13. Although the Court found that Mr. Terzakis is not liable for the full amount of the judgment against UIT, he is liable for his 45% *pro rata* share of the judgment against UIT ($72,976.60) by virtue of the corporate veil having been pierced. *Id*

**ANSWER:** Terzakis admits the 2003 Case Court awarded damages as reflected in Ex D. To

the extent the allegations in paragraph 15 misstate that award Terzakis denies those allegations. Terzakis affirmatively states that he did not participate in the trial of that 2003 Case.

16. Third, the Court awarded attorneys fees and costs to Ms. Howard's attorneys pursuant to 29 U.S.C. 3730(h). Specifically, it awarded attorneys' fees to Robin Potter & Associates, P.C. in the amount of $431,638.08. Ex. E, Dkt. 529. It taxed costs advanced by Robin Potter & Associates, P.C. in the amount of $13,351.81. Ex. E, Dkt. 529. It awarded attorneys fees to Ronald Osman & Associates in the amount of $5,661.40. And, it awarded attorneys fees to John DeRose and Associates, P.C. in the amount of $223,800.00. Ex. E, Dkt. 529 and Ex. F, Dkt. 511. The Court found that Terzakis was jointly liable for the full amount of the attorneys' fee award. Ex. E, Dkt. 529, at 6-7. The total amount of attorneys' fees and costs awarded to the three law firms is $674,450.29.

**ANSWER:** Terzakis admits the 2003 Case Court awarded attorneys' fees and costs as reflected in Ex D. and Ex. E. To the extent the allegations in paragraph 16 misstate that award Terzakis denies those allegations. Terzakis affirmatively states that he did not participate in the trial of that 2003 Case.

17. Defendant did not pay this judgment and, as of the date of filing of this complaint, still has not paid the judgment.

**ANSWER:** Terzakis admits the allegations contained in paragraph 17.

18. Defendant owes debt to Plaintiffs, namely, the judgment in the case *United States ex rel Howard v. Urban Investment Trust, Inc et al.* No. 03 C 7668.

**ANSWER:** Terzakis denies the allegations contained in paragraph 8, in that he is liable for only a portion of the damages found in that case. Terzakis denies that the amended final judgment entered in that case awarded damages to Plaintiffs from Terzakis.

19. The judgment was a debt incurred in the course of or in connection with a

jury's determination that Mr. Terzakis intentionally retaliated against Ms. Howard in violation of the False Claims Act, 29 U.S.C. 3730(h).

**ANSWER:** Terzakis admits the judgment was entered upon the jury's verdict in the 2003 Case but denies that he participated in the trial of the 2003 Case.

20. Section 523(a)(6) of the Bankruptcy Code states that an individual debtor is not discharged from "any debt for willful and malicious injury by the debtor to another entity or to the property of another entity."

**ANSWER:** Terzakis admits the allegations contained in paragraph 20.

21. Rudy Mulder, one of Mr. Terzakis's co-defendants from the underlying case, filed a Chapter 7 bankruptcy in 2016 (2003Case No. 16-30110) and attempted to discharge his judgment due and owing to Ms. Howard for the same actions as those committed by Mr. Terzakis.

**ANSWER:** Terzakis admits that Mr. Mulder filed the bankruptcy case identified in paragraph 21, but Terzakis lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Mr. Mulder's intent in filing his bankruptcy, and therefore denies the remaining allegations contained in paragraph 21.

22. At that time, Judge Cox declined to discharge said debt in Mr. Mulder's bankruptcy proceeding and granted the Motion for Default Judgment in Adversary Case 16-00739.

**ANSWER:** Terzakis admits that Judge Cox entered a default judgment against Mr. Mulder. But states that the judgment was entered by default therefore the issue of dischargeability of the debt was not litigated.

23. The current adversary case involves the same judgment and the same issues of nondischargeability.

**ANSWER:**  Terzakis admits the allegations contained in paragraph 23.

24. As of the date of September 27, 2019, Defendant owed the judgment amount of $820,404.49 , which is the total amount of relief awarded, as described in detail above.

**ANSWER:**  Terzakis denies the allegations contained in paragraph 24.

25. Defendant did not make any payments toward the amount owed.

**ANSWER:**  Terzakis admits the allegations contained in paragraph 25.

26. With post-judgment interest pursuant to Illinois law, from March 5, 2014 through the date of Defendant's filing of his bankruptcy petition, interest was incurred pursuant to federal law.

**ANSWER:**  Terzakis states that the allegations contained in paragraph 26 are legal conclusions and are not factual allegations to be responded to. To the extent the allegations contained in paragraph 26 are factual allegations Terzakis denies same.

27. Plaintiffs have incurred damages including statutory interest up to the time of filing.

**ANSWER:**  Terzakis states that the allegations contained in paragraph 27 are legal conclusions and are not factual allegations to be responded to. To the extent the allegations contained in paragraph 27 are factual allegations Terzakis denies same.

28. Plaintiffs will incur damages if the judgment is discharged.

**ANSWER:**  Terzakis denies the allegations contained in paragraph 28.

29. The judgment and debt are not dischargeable pursuant to the statutes cited in this Complaint.

**ANSWER:**  Terzakis denies the allegations contained in paragraph 29.

<u>FIRST AFFIRMATIVE DEFENSE - LACK OF STANDING</u>

Plaintiff, Potter Baloñas, LLC lacks standing to bring this action, in that Plaintiffs have

(3161210.2) 7

failed to allege necessary facts to demonstrate that Potter Baloñas, LLC is the successor in interest to Robin Potter & Associates, P. C.

## PRAYER FOR RELIEF

WHEREFORE John D. Terzakis prays for entry of an order:

A.  Declaring that the debt owed to Plaintiffs to be dischargeable pursuant to the provisions of the Bankruptcy Code.

B.  Discharging the debt owed to Plaintiffs, including statutory interest incurred prior to Defendant's bankruptcy petition filing.

C.  Providing for such other relief as justice may require.

**JOHN D. TERZAKIS**

BY:  /s/Richard H. Fimoff
     One of his attorneys

Richard H. Fimoff (804886)
Richard Lee Stavins (2710099)
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street
Suite 3300
Chicago, IL 60601
312-456-0185
rfimoff@rsplaw.com
rstavins@rsplaw.com

(3161210.2)                          8