# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 19-17858 |
|     JOHN D TERZAKIS | ) | Chapter 7 |
|         Debtor, | ) | |
| | ) | Hon. Donald R. Cassling |
| ESTATE OF BERENICE VENTRELLA | ) | |
|       Plaintiff, | ) | |
|          v. | ) | Adversary No. 19-00890 |
| JOHN D. TERZAKIS, | ) | |
|       Defendant. | ) | |

### REPORT OF PARTIES' RULE 26(1) PLANNING CONFERENCE

Counsel for the parties met on December 12, 2019 by telephone.

Representing plaintiff was J. Thomas Witek; representing defendant was Richard H. Fimoff. The parties discussed the case and jointly (except as noted below) make the following report:'

I.      Initial Matters:

A.      Jurisdiction and Venue: The defendant does does not **X** contest jurisdiction and/or venue. If contested, such position is because:

1.      Jurisdiction: _____

2.      Venue: _____

B.      Immunity: The defendant has raised will will not **X** raise an immunity defense. If so:

1.      Basis of Immunity Defense:_____

2.      The earliest defendant can file a motion to dismiss on the basis of immunity

'Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at WW W. ned.uscourts.gov

RULE 26(F) REVISED 121819 (002)

is: _____

C.      If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so:

1.      The earliest a motion to dismiss or transfer will be filed is:      _____

2.      The initial discovery, limited to that issue, that will be necessary to file or

respond to the motion is _____

D.      Rule 11 Certification: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).      None

II.     Remaining Claims and Defenses:

A.      Plaintiffs Claims, Elements, Factual Application: The elements of the plaintiff s remaining claims and the elements disputed by defendant are as follows. For each claim, list and number each substantive element of proof and the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings):

1.      CLAIM ONE: Plaintiff objects to the discharge of debt representing approximately $10,882,052.69 in funds Defendant transferred to himself or entities or accounts controlled by him which are the subject of a case captioned <u>Estate of Berenice Ventrella v. Milwaukee Deerfield North, LLC, et al.,</u> currently pending in the Circuit Court of Cook County as case number 2010 CH 21128.

Elements: Defendant used his position as a signatory on various accounts owned by the estate to transfer money to himself and entities controlled by him. He deceived the estate by informing them that the funds were being used for development of properties owned by the estate.

Factual Application: Attached to the Complaint in this case are records of the various transactions.

Of these elements, defendant disputes the following numbered elements:

(REPEAT FOR EACH CLAIM)

B.      Defenses. The elements of the remaining affirmative defenses raised by the

pleadings are as follows: List each affirmative defense raised or expected to be raised by the defendant(s), the substantive elements of proof for it, and how the defendant claims the facts of this case make such defense applicable or established. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which plaintiff has the burden of proof):

1.   FIRST DEFENSE: Defendant did not obtain funds from Berenice Ventrella or her estate through misrepresentations.

Elements: No false representations made to obtain funds.

Factual Application: Funds obtained from Berenice Ventrella were used as intended, for the acquisition and development of a real estate project and for Terzakis' other purposes. At no time did Terzakis misrepresent the use of the funds to Berenice Ventrella or her Independent Administrator, Nicholas Ventrella. Plaintiff's allegations do not allege any specific misrepresentation made by Terzakis. Plaintiff claims that misrepresentations were allegedly made to Ventrella family members, not to the parties providing the funds at issue and therefore cannot be the basis for obtaining of the funds at issue.

Of these elements, plaintiff disputes the following elements: no development was done with said funds and to the best of plaintiff's knowledge all funds were used for Terzakis' own personal or business use.

2.   SECOND DEFENSE: Plaintiff waived and consented to Terzakis' use of the funds at issue.

Elements: Plaintiff had knowledge of all financial transactions at issue and did not object or question any of the transactions.

Factual Application: All funds at issue were initial deposited in a bank account in the names of Berenice Ventrella, Nicholas Ventrella and John Terzakis, with each of the parties having control of the account. Bank statements reflecting all receipts and disbursements of funds were provided monthly to Nicholas Ventrella, as Independent Administrator of Plaintiff. At no time did Berenice Ventrella or Nicholas Ventrella object to the use of any of the funds

Of these elements, plaintiff disputes the following elements: Defendant never informed any of the foregoing persons that he was using the funds for his own purposes or in most instances that he transferred the funds. Defendant never sought the consent of the estate or any of its representatives.

III.   Amending Pleadings; Adding Parties:

A.   The plaintiff does ___ does not X anticipate need to amend pleadings or add parties. If necessary, plaintiff can file the necessary motions to add parties or amend pleadings by _____

RULE 26(F) REVISED 121819 (002)

If more than sixty days, the reasons that much time is necessary are _____

B.     The defendant does ___ does not X ___ anticipate need to amend pleadings or add parties. If necessary, plaintiff can file the necessary motions to add parties or amend pleadings by _____

If more than sixty days, the reasons that much time is necessary are _____

C.     Plaintiff will ___ will not X move for class certification. The proposed class is:

The earliest the motion for class certification can be filed is:

IV.    Dispositive Motion Assessment:

A.     The following claims and/or defenses may be appropriate for disposition by early motion to dismiss: _____

B.     The following claims and/or defenses may be appropriate for disposition by summary judgment or partial summary judgment: _____

C.     The discovery necessary to determine whether to file dispositive motions on such claims and/or defenses is on behalf of Plaintiff <u>deposition of Defendant,</u> and on behalf of Defendant <u>interrogatories and document requests to, and depositions of Plaintiff and Parkway Bank, Thomas Vanderwould and Philip Kiss</u>

It can be completed, at the earliest, by May 1, 2020.

V.     Settlement:

A.     Status/Assessment of Settlement Discussions. Counsel state:

X      There have been no efforts taken yet to resolve this dispute.

       ___ This dispute has been the subject of efforts to resolve it ___ prior to filing in court; ____ after court filing, but before the filing of this report.

Those efforts consisted of: _____

_____ Counsel believe that with further efforts in the *near* future, the case can be resolved, and the court is requested to delay entering an initial progression order for ____ days to facilitate immediate negotiations or mediation.

Defendant's counsel will report to the court by letter at the end of this period on the status of such discussions.

RULE 26(F) REVISED 121819 (002)

_____Counsel have discussed the court's Mediation Plan and its possible application in this case with clients *and* opposing counsel. Mediation _____ will be appropriate in this case at some point; _____ will not be appropriate because: _____

    X    This case can be settled, but settlement is not very likely, and negotiations will be difficult because: of the amount claimed. Defendant's financial condition and death of witnesses.

This case will not be settled because: _____

B.     Next Step. The minimum discovery needed to conduct further settlement

discussions is: By Plaintiff(s): Document production from Defendant, Deposition of Defendant.

By Defendant(s): Document production from and depositions of Plaintiff and Phillip Kiss.

This discovery will be completed by May 1, 2020, and plaintiff(s) will then communicate to defendant(s) a written, updated settlement proposal.

VI.     Discovery Plan: The parties submit the following plan for their completion of discovery:

    A.     Subjects for Discovery (i.e., factual issues that discovery may resolve):
        a. For Plaintiff:
            i. Existence of any documentation in possession of Defendant that would indicate consent of the estate
            ii. Accountings and bank statements revealing ultimate use of the funds converted by Defendants
        b. For Defendant:
            i. Existence of Lender/Borrower relationship between Berenice Ventrella and Defendant
            ii. Existence of long-standing business relationship between Berenice Ventrella and Defendant
            iii. Existence of real estate development venture with Berenice Ventrella and Defendant
            iv. Existence of misrepresentations made by Defendant.

B.     Agreed Discovery Procedures: The parties will exchange mandatory discovery disclosures within 14 days. The parties shall promptly respond to document requests and shall agree on mutually convenient times for parties' depositions. The parties will coordinate discovery efforts directed to third parties.

1.     Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: Death of witnesses.

RULE 26(F) REVISED 121819 (002)

Counsel have agreed to the following actions to address that difficulty: <u>Parties will co-operate with all discovery, including third party discovery,</u>

2.      Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(a)     The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(b)     The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(c)     The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(d)     Whether reasonable measures have been implemented to preserve such data;

(e)     The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(f)     The form and method of notice of the duty to preserve;

(g)     Mechanisms for monitoring, certifying, or auditing custodial compliance;

(h)     Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(i)     Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(i)     The anticipated costs of preserving these materials and how such costs should be allocated; and

(k)     The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

     X    No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

RULE 26(F) REVISED 121819 (002)

\_\_\_\_   The following provisions should be included in the court's scheduling order: _____

3.   Disclosures' required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses\_\_\_\_\_ have been completed; **X** will be completed by: February 3, 2020.

4.   Discovery will be conducted in stages or otherwise restricted, as follows (State agreed restrictions, stages, scheduling stays, etc.), NOTE: The court will expect discovery necessary to considering the matters in Parts IV and V above to be undertaken first, unless there is good reason to delay it. None

5.   \_50\_   Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

**6.   \_6\_** Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

7.   Depositions will be limited by Rule 30(d)(2), except the depositions of _____ which by agreement shall be limited as follows: _____

8.   If expert witnesses are expected to testify at the trial, counsel agree to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by    February 10, 2020

9.    The parties stipulate that they will be required to give at least 7 days' notice of their intention to serve records/documents or subpoenas on third parties, to enable court consideration of them, if necessary, prior to issuance.

10.   Other special discovery provisions agreed to by the parties or suggested by

either party are:       **None**

VII.   Consent to Trial Before Magistrate Judge:

The parties do\_\_\_\_  do not **X** consent to trial before a magistrate judge, and if so,

will send      have sent      the executed consent form to the clerk's office. (The

consent forms require original signatures).

VIII.   Trial Scheduling:

A.   The parties now anticipate that the case can be ready for trial by **June 15, 2020**

and (if more than eight months from now) the special problems or circumstances

RULE 26(F) REVISED 121819 (002)

that necessitate that much time for trial preparation are: _____

B.     Counsel think that the trial of this case, if necessary, will require **3** trial days.

C.     Jury Trial:

1.     _____Having previously demanded jury trial, the plaintiff now waives jury trial. Defendant will file a demand for jury trial within ____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2.     _____Having previously demanded jury trial, the defendant now waives jury trial. Plaintiff will file a demand for jury trial within days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

3.     _____The parties disagree on whether trial by jury is available in this case. A motion to strike the ____ 's demand for jury trial will be filed no later than ____

IX.     Other: Other matters to which the parties stipulate and/or which the court should know or consider: None.

/s/ J. Thomas Witek         /s/ Richard H. Fimoff
Counsel for Plaintiff         Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: all counsel of record.

_____/s/Richard H. Fimoff_____

RULE 26(F) REVISED 121819 (002)